JENKINS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   May 7, 1898.)

STREET RAILROADS—EJECTION OF PASSENGER—TRANSFER TICKET.

Motion for reargument.. Denied.
For former opinion, see 51 N. Y. Supp. 216.  ·
Reargued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Sheehan & Collin, for the motion.
Robert Stewart, opposed.

PER CURIAM.   This motion for a reargument is based upon the language of Mr. Justice Woodward in the opinion upon the argument of the plaintiff's exceptions, wherein he refers to section 104 of the railroad law as applicable to the conduct and management of the defendant railroad corporation in furnishing transfer tickets to passengers.   There is no doubt that he did assume the applicability of the statute to the facts of the present case; but the learned counsel for the defendant are in error in supposing that the determination of this court rests on that assumption.   We think that the contract between the plaintiff and the defendant, arising out of the payment of his fare on the Montague street line, and the subsequent voluntary delivery to him of the transfer ticket, in the light of the facts which were assumed throughout the trial, and may therefore be deemed to have been admitted by the defendant for the purposes of the trial, entitled the plaintiff to passage upon the first car of the defendant which came along on Fulton street, in which he could find a seat; and this wholly irrespective of the provisions of section 104 of the railroad law.   Among the matters thus assumed ·to be true, as the brief for the defendant expressly concedes, were the fact "that this defendant owned or operated the Montague street line"; the fact "that the transfer agent at the corner of Court and Montague streets was an employé of the defendant"; the fact "that the conductor of the Fulton street car was an employé of the defendant"; and the fact "that the Fulton street car in question was owned or operated by this defendant."   Upon this point we need only refer again to the case of Hanna v. Railroad Co., 18 App. Div. 137, 45 N. Y. Supp. 437, and repeat what Mr. Justice Woodward says in reference to that decision.

Inasmuch as the question of the defendant's liability under section 104 of the railroad law was not discussed in the brief submitted in behalf of the railroad company on the plaintiff's motion for a new trial, we should be disposed to grant a reargument if our decision necessarily involved a determination of that question;  but

it does not, and, to quiet any misapprehension and prevent any misconstruction of the opinion of Mr. Justice Woodward in this respect, we deem it proper to state in this additional memorandum that we regard the question as still undetermined in this court.

For these reasons, the motion for a reargument must be denied.